SO ORDERED.

SIGNED this 16 day of January, 2020.

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re:<br><br>**RANDY P. COLEY,**<br>    Debtor | Case No. 18-02154-5-JNC<br>Chapter 7 |
| **DIRECTV, LLC, a California Limited Liability Company,**<br>    Plaintiff,<br><br>v.<br><br>**RANDY P. COLEY,**<br>    Defendant. | Adversary Proceeding No.<br>18-00118-5-JNC |

## ORDER DENYING AWARD OF ATTORNEY FEES

On October 24, 2019, the court entered an Order and Memorandum Opinion on Summary Judgment allowing the motion for summary judgment filed by the plaintiff, DIRECTV, LLC ("DTV"), finding that the debt owed to DTV by the debtor, Randy P. Coley ("Mr. Coley" or the "Defendant"), was excepted from discharge pursuant to 11 U.S.C. § 523(a)(4) for the reasons stated therein. AP Dkt. 37.[1] A judgment, AP Dkt. 38, was also entered on the same date. AP Dkt.

---

[1] References to docket entries in this adversary proceeding will be cited as "AP Dkt. __," and references to docket entries in the underlying bankruptcy case will be cited as "BR Dkt. __."

38. DTV's claim of $2,723,029.50 as of the petition date[2] originates from a January 2014 judgment for approximately $2,393,000 obtained by DTV against Mr. Coley and subsequent orders entered in the United States District Court for the Western District of Virginia in the case of *Sky Cable, LLC v. Coley*, *et al*, Civil Action No. 5:11cv00048, United States District Judge Michael F. Urbankski presiding (the "Virginia Litigation").

As the prevailing party in the adversary proceeding, DTV filed a motion seeking an award of attorney fees and recovery of out of pocket costs, together totaling $55,275, that if granted would be added to the nondischarged claim amount.[3] AP Dkt. 39 (the "Motion"). Surprisingly, the Defendant failed to file an objection or other response to the Motion. The facts asserted in the Motion must therefore be assumed as true. Despite the absence of opposition, the court must independently determine whether DTV is entitled to the relief sought. For the reasons stated below, the court finds as a matter of law that that no underlying legal basis allows DTV to recover fees and costs incurred in this adversary proceeding from Mr. Coley.

## JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151 and 1334 and is authorized to hear this case pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina. The primary matters raised in the adversary proceeding make it a core proceeding pursuant to 28

---

[2] *See* Proofs of Claim 12-1 ($2,710,063.57) and 13-1 (net $12,965.93) filed in the claims register of Mr. Coley's chapter 7 case. The first claim is the Virginia district court judgment amount plus pre-petition interest, and the second claim is for unrecovered prepetition attorney fees awarded after application of an appeal bond of $75,000.

[3] Declarations and exhibits were attached to the Motion (*see* AP Dkt. 39 at 12-20), in which John H. Jamnback and his law firm, Yarmuth LLP, provided detail and description for the $40,960 in legal services sought. His time descriptions and hourly rates appear in order and appropriate, particularly in the absence of objection. However, local counsel Kevin Sink of Nichols and Crampton only provided an affidavit without an accompanying time and detail description supporting the $14,315.00 he seeks. Due to the lack of detail, an objection by any interested party to the lack of detail would normally have been granted outright; however, no such objection was lodged.

2

U.S.C. § 157(b), and the court has statutory authority to enter a final judgment as to those matters. In addition, the parties consented to this court entering final judgment on all matters raised in the adversary proceeding. *See* Pretrial Scheduling Order of February 6, 2018, AP Dkt. 13. The court consequently has constitutional authority to enter final judgment in this adversary proceeding. *Wellness Int'l Network, Ltd., v Sharif*, __ U.S. __, 135 S. Ct. 1932, 1947 (2015).

## BACKGROUND

Mr. Coley filed his petition for relief under chapter 11 of the Bankruptcy Code on April 30, 2018, Case No. 18-02154-5-JNC (the "Bankruptcy Case"). Subsequently, the Bankruptcy Case was converted to chapter 7, BR Dkt. 119, and a chapter 7 trustee was appointed. BR Dkt. 120. Mr. Coley and DTV have been in near-constant litigation since the Virginia Litigation ignited in 2011. In that case, the Western District of Virginia court ultimately determined that Mr. Coley's conduct violated the Federal Communications Act ("FCA"), 47 U.S.C. § 605(a), and entered judgment against Mr. Coley and others, jointly and severally, for $2.393 million (the origin of Claim 12-1). The judgment became final, but a controversy erupted in the post-collection phase that was appealed and heard in the United States Court of Appeals for the Fourth Circuit. *See, Sky Cable, LLC v. DirecTV, Inc.*, 886 F.3d 375 (4th Cir. 2018). A further attorney fee amount was awarded for the appeal matter, which is the subject of Claim 13-1.[4]

The question raised in the adversary proceeding was whether the judgment from the Virginia Litigation—including the prior award of attorney fees—would be excepted from any discharge granted in the Bankruptcy Case due to alleged underlying fraud [11 U.S.C. § 523(a)(2)(a)], larceny [11 U.S.C. § 523(a)(4)], or willful and malicious injury [11 U.S.C. § 523(a)(6)] as determined in the Virginia Litigation. In the Memorandum Opinion, the court

---

[4] A successful FCA case brought under 47 U.S.C. § 605(a) or § 605(e)(4) requires that a court "direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

found that summary judgment was appropriate under 11 U.S.C. § 523(a)(4) (larceny). The other two objection claims (fraud, and willful and malicious injury) were not found to be allowable at summary judgment but would have survived for trial absent the grant of summary judgment.

Facts established with finality in the Virginia Litigation were held to be binding upon this court pursuant to collateral estoppel and res judicata principles as discussed in the Memorandum Opinion.  All further findings of fact made in the Memorandum Opinion are binding upon both parties here as well; and, the conclusions of law issued by the court in the Memorandum Opinion constitute the law of the case. Having accepted the reasonableness of the time and costs contained in the DTV motion for fees based on the Defendant's lack of objection, questions of law remain for the court's consideration.

## LAW AND ANALYSIS

**A.     The American Rule**

Ordinarily, each party bears their own costs of litigation; the prevailing party may only seek recovery of legal fees in a legal action if otherwise permitted by contract or independent statute. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247–48, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); *MR Crescent City*, *LLC v. Draper* (*In re Crescent City Estates, LLC),* 588 F.3d 822, 825 (4th Cir. 2009). The United States Supreme Court recently addressed this question with respect to bankruptcy cases in *Baker Botts L.L.P. v. ASARCO LLC*, ___ U.S. ____, 135 S. Ct. 2158 (2015). Justice Thomas wrote for the majority:

> "Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–253, 130 S. Ct. 2149, 176 L. Ed. 2d 998 (2010) (internal quotation marks omitted). The American Rule has roots in our common law reaching back to at least the 18th century, see *Arcambel v. Wiseman*, 3 Dall. 306, 1 L. Ed. 613 (1796), and "[s]tatutes which invade the common law are to be read with a presumption favoring the retention

4

of long-established and familiar [legal] principles," *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (internal quotation marks and ellipsis omitted). We consequently will not deviate from the American Rule "'absent explicit statutory authority.'" *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 814, 114 S .Ct. 1960, 128 L .Ed. 2d 797 (1994)).

*Baker Botts*, 135 S. Ct. at 2163.

The award of attorney fees as contained in the judgment rendered in the Virginia Litigation stemmed from the statutory grant found at 47 U.S.C. § 605(e)(3)(B)(iii). The Western District of Virginia correctly deviated from the American Rule in awarding attorney fees in its judgment. That judgment is final as it was not appealed; only a post-judgment collection dispute was appealed by Mr. Coley, but it too has been determined with finality by the Fourth Circuit. The Virginia Litigation was over before the Bankruptcy Case started; indeed, it was the impetus for the filing of the original chapter 11 petition. The controversy in this adversary proceeding raised a new matter—specifically, is the prepetition judgment claim excepted from discharge under the cited subsections § 523 of the Bankruptcy Code. No new FCA claim was made. As properly and readily admitted by DTV counsel, the additional attorney fees sought here pertain only to work performed in the bankruptcy adversary proceeding, not pre-petition work in the Virginia Litigation.[5]

### B. Attorney Fees in Section 523 Actions

As a general proposition, "[t]here is no statutory basis in the Bankruptcy Code that provides generally for attorney's fees for a prevailing creditor in a § 523 action." *James R. Barnard, D.D.S., Inc. v. Silva (In re Silva)*, 125 B.R. 28, 30 (Bankr. C.D. Cal. 1991). "Without a

---

[5] "Because the underlying statute that served as the basis for the original judgment, and the finding that the judgment was non-dischargeable provides for a mandatory award of costs and attorney's fees to an aggrieved prevailing party, DIRECTV respectfully requests that the Court award its reasonable attorney's fees and costs incurred in this adversary proceeding." AP Dkt. 39 at 2-3.

5

statutory right to collect attorney's fees, the creditor must have an independent right on which to base an award of attorney's fees." *Id.  See also McCoun v. Rea* (*In re Rea*), 245 B.R. 77, 90 (Bankr. N.D. Tex. 2000).

DTV maintains that because its independent, pre-petition judgment is founded in the FCA, which as noted contains a statutory attorney fee award section, bringing the objection to discharge in this court carries with it the FCA attorney fee subsection. DTV characterizes this adversary proceeding as part of its collection process. In support of this statutory osmosis theory, DTV cites among other cases *Headrick v. Atchison*, 255 B.R. 790 (Bankr. M.D. Fla. 2000) and *Cohen v. de la Cruz*, 523 U.S. 213 (1998). Neither case mandates the result DTV seeks.

For purposes of this case, *Cohen* merely clarifies that a prior award of statutory attorney fees is included in a debt subsequently determined by a bankruptcy court to be excepted from discharge. "*Cohen* did not create a common law basis for awarding attorney fees or otherwise overrule or alter how the American Rule is applied by federal courts." *Dancor Constr. Co. v. Haskell (In re Haskell)*, 475 B.R. 911, 923 (Bankr. C.D. Ill. 2012) (citing *Clark & Gregory, Inc. v. Hanson (In re Hanson)*, 225 B.R. 366 (Bankr. W.D. Mich. 1998)). Here, the judgment in the adversary proceeding follows the result in *Cohen* and includes the Western District of Virginia's pre-petition attorney fees award made under the FCA in the non-dischargeable claim.

The *Headrick* case said more than was relied on by DTV. It is accurate that "dischargeability under the Bankruptcy Code . . . may include an attorney's fee component only if the contract or a statute provides for such an award." *Headrick*, 255 B.R. at 792.  However, after analysis, the *Headrick* court denied an award of attorney fees, concluding specifically that in the action before it, as is the case here, the bankruptcy court was called upon to determine the character of the liability rather than to determine whether the claimant had been injured in a

6

legally cognizable manner by the debtor and the amount of damages suffered. *Id.* at 793.  The *Headrick* court "was therefore not asked to decide any questions of state law under the state civil theft statute." *Id.* It further stated:

> In *Renfrow v. Draper*, 232 F.3d 688, 2000 WL 1693266 (9th Cir. 2000), for example, the court made a clear distinction between awarding attorney's fees for work performed in a bankruptcy case that related to state law issues and work performed in a bankruptcy case that related to bankruptcy law issues. The court held that the prevailing party was entitled to an award of attorney's fees, as provided for under state statute, only to the extent that the work performed by counsel was necessary to demonstrate "the validity of the debt at issue under state law and the amount that was owing." [*Renfrow*], 232 F.3d at 696. The court excluded attorney's fees for work performed in litigating the dischargeability issues stating that, "because the issues presented in the dischargeability claim are purely federal, no attorney's fees may be awarded by a bankruptcy court for litigating these questions." *Id*.

*Headrick*, 125 B.R. at 793 (internal additions omitted).

Finally, DTV relies most heavily on *DirecTV, Inc. v. Karpinsky (In re Karpinsky)*, 328 B.R. 516 (Bankr. E.D. Mich. 2005). In that case, the bankruptcy court was not limited to the question of dischargeability; rather, it tried the question of whether a violation of the FCA occurred. No underlying judgment from a state trial court or federal district court was presented. The *Karpinsky* court followed *Cohen* and correctly concluded that all damages, including attorney fees awarded based on violation of the FCA, were not subject to discharge based on 11 U.S.C. §§ 523(a)(4) and (a)(6). However, the determination in *Karpinsky* of nondischargeability was secondary to the underlying question of whether an FCA violation occurred in the first place. If no FCA violation occurred, no claim existed on which to consider discharge or nondischarge. Here, the Western District of Virginia trial court, not this bankruptcy court, made the FCA violation determination.  All this court was called upon to do was decide whether § 523 would except from discharge the judgment from the Virginia Litigation given the set of facts and law decided there.

7

Far more persuasive is the reasoning found in *In re Causey*, 519 B.R. 144 (Bankr. M.D.N.C. 2014). In it, as is the case here, the creditor filed an adversary proceeding in bankruptcy court objecting to the discharge of a prepetition state court judgment that included costs and attorney fees. The plaintiff sought recovery of additional attorney fees incurred in that discharge challenge relying on state law associated with the underlying judgment, not the Bankruptcy Code. Judge Kahn succinctly observed:

> It is unnecessary in this case for the Court to decide whether, in an appropriate case, the Court might award attorneys' fees to the prevailing party in a non-dischargeability proceeding where the underlying state cause of action authorizes the award of such fees. The State Court Judgment adjudicated the underlying claims fully (and awarded substantial attorneys' fees), and the only relief sought in this Court was a determination of dischargeability. This is a purely federal question, and, therefore, to the extent that the Plaintiff seeks fees in this action, it only can be in connection with the federal dischargeability determination, rather than pursuant to the underlying claims for which the Plaintiff already was awarded fees by the State Court. Moreover, even if Section 523 provided a mechanism for the award of attorneys' fees, which it does not, the Plaintiff has not provided the Court with any evidence from which the Court could allocate such fees. *See Soler v. United States (In re Soler)*, 261 B.R. 444, 464 (Bankr. D. Minn.2001) (denying request of the United States for attorney fees and costs, despite determination that debtor's student loan obligations were non-dischargeable, because the United States did not provide any basis for or evidence for such an award). . . . The Court therefore denies the Motions for Summary Judgment with respect to the request for attorneys' fees.

*Causey,* 519 B.R. at 155-56.  S*ee also In re Combs*, 543 B.R. 780, 797 (Bankr. E.D. Va. 2016) (quoting *Causey)*; and *Wells Fargo Bank v. Stalsitz (In re Stalsitz)*, Adv. Proc. No. 13–00021–8–ATS, 2013 WL 5431588, at *3 (Bankr. E.D.N.C. Sept. 30, 2013) (finding that the Bankruptcy Code does not contain a statutory basis for an award of attorney fees to the prevailing party in a nondischargeability adversary proceeding).

No discernable daylight exists between the cases cited immediately above and this case as to the question of the requests for attorney fees in discharge adversary proceedings. All involved an action brought via an adversary proceeding objecting to discharge of a claim

8

generated by a prior trial court judgment or jury verdict where the attorney fees provision is not contained in the Bankruptcy Code. In each instance, the bankruptcy courts were only called upon to determine if the claim previously established would be discharged or not. It did not matter whether the underlying judgement was the result of a federal statute, a state law statute, or a contract signed by parties. Liability had already been determined and the bankruptcy courts were bound by that claim determination and were left only with the question of claim character.

## CONCLUSION

Here, both DTV and Mr. Coley were barred from relitigating the issues and defenses decided in the Virginia Litigation. Taking the judgment as the bankruptcy court found it from the Virginia Litigation, only the nondischargeability statutes of § 523 of the Bankruptcy Code were at issue or controlled. This was not a matter of collection in the Virginia Litigation as DTV asserts, but instead a question of whether, once Mr. Coley's bankruptcy case ends, DTV's judgment survives. Because no other law controls, without an expression of Congressional intent to the contrary in § 523 or elsewhere in the Bankruptcy Code, this court cannot grant an award of attorney fees to DTV as the prevailing party.

The Motion is therefore **DENIED.**

## END OF DOCUMENT